# EXHIBIT "A"

EXHIBIT.1

**HILL & ASSOCIATES P.C.**
By: Susan B. Ayres, Esquire
Identification No.:87562
1700 Market Street, Suite 3150
Philadelphia, PA 19103
(215)-567-7600

**JURY TRIAL DEMANDED**



Filed and Attested by the
Office of Judicial Records
16 SEP 2024 04:05 pm
G. IMPERATO

Attorney for Plaintiff

| | | |
|---|---|---|
| Leonard K. Hill<br>1700 Market Street, 3150<br>Philadelphia, PA 19103<br>　　　　　Plaintiff<br>　v.<br>Stephen Molloy<br>404 Walnut Place<br>Havertown, PA 19083<br>　　and<br>Live! Casino & Hotel Philadelphia d/b/a<br>Stadium Casino RE, LLC<br>900 Packer Ave<br>Philadelphia, PA 19148<br>　　and<br>John Does (1-99)<br>　　　　　Defendants | : : : : : : : : : : : : : : : : : | COURT OF COMMON PLEAS<br>OF PHILADELPHIA COUNTY<br><br>May Term 2024<br>No. 0943 |

## NOTICE

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

Case ID: 240500943

| | |
|---|---|
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br>Lawyer Referral and Information Service<br>1101 Market Street, 11th Floor<br>Philadelphia, Pennsylvania 19107<br>(215 | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.<br>Servicio De Referencia E Información Legal<br>1101 Market Street, 11th Floor Filadelfia, Pennsylvania 19107<br><br>(215) 238-6300 |

Case ID: 240500943

| | |
|---|---|
| **Hill & Associates P.C.** | **JURY TRIAL DEMANDED** |
| **By: Susan B. Ayres, Esquire** | |
| **Identification No.:87562** | |
| **1700 Market Street, Suite 3150** | |
| **Philadelphia, PA 19103** | |
| **(215)-567-7600** | **Attorney for Plaintiff** |

| | | |
|---|---|---|
| Leonard K. Hill | : | COURT OF COMMON PLEAS |
| 1700 Market Street, 3150 | : | OF PHILADELPHIA COUNTY |
| Philadelphia, PA 19103 | : | |
| Plaintiff | : | May Term 2024 |
| v. | : | No. 0943 |
| Stephen Molloy | : | |
| 404 Walnut Place | : | |
| Havertown, PA 19083 | : | |
| and | : | |
| Live! Casino & Hotel Philadelphia d/b/a | : | |
| Stadium Casino RE, LLC | : | |
| 900 Packer Ave | : | |
| Philadelphia, PA 19148 | : | |
| and | : | |
| John Does (1-99) | : | |
| Defendants | : | |

## COMPLAINT – CIVIL ACTION

1. Plaintiff, Leonard K. Hill, is an adult individual with a place of business at the above captioned address.

2. Defendant, Stephen Molloy, is an adult individual residing at the above captioned address.

3. Defendant Live! Casino & Hotel Philadelphia d/b/a Stadium Casino RE, LLC ("Defendant Casino") is a business entity registered to do business in the Commonwealth of Pennsylvania with a regular place of business at the above captioned address.

4. Defendants John Does (1-99) are the individuals or business entities responsible for safety of patrons, oversight of personnel working at the casino, and customer service on the date of the incident, if not already identified as one of the previously named Defendants.

5. Regarding John Doe defendants:

**Case ID: 240500943**

   a. defendants' actual names are unknown to the Plaintiff after having conducted a reasonable search with due diligence;

   b. the Doe designations are fictitious;

   c. a factual description of the known defendants is averred with sufficient particularity for identification; and

   d. a reasonable search to determine their actual names has been conducted.

6. Plaintiff reserves the right to amend this Complaint and name said unknown individuals and/or entities, as aforementioned, as additional defendants pursuant to Pennsylvania Rules of Civil Procedure 2005 and 1033.

7. Hereinafter, all Defendants are collectively referred to as ("Defendants").

8. At all times material hereto, Defendant Casino was the owner(s) or lessees of and/or in possession and control of the property located at and/or near 900 Packer Ave Philadelphia Pennsylvania and as such is responsible by deed, contract, lease or other agreement for the harm sustained by Plaintiff in this incident due to its actions and inactions or that of their agents, servants, workmen and/or employees.

9. At all times material hereto, Defendant Malloy was the manager, supervisor, or otherwise responsible for oversight of the Casino and its employees and/or independent contractors, at the property located at and/or near 900 Packer Ave Philadelphia Pennsylvania and as such was responsible for the harm sustained by Plaintiff in this incident due to his actions and inactions, as well as those of the Casino's agents, servants, workmen and/or employees over whom he had control.

10. At all times material hereto, Defendants acted and/or failed to act by and through their employees, agents, servants, and/or representatives, who were acting within the course and scope of their employment and on behalf of Defendants.

11. On or about May 7, 2024, Plaintiff was a business invitee lawfully on the premises of Live! Casino & Hotel Philadelphia.

12. Plaintiff went to the FanDuel Sports Book on May 7, 2024, to collect his proceeds from a winning ticket.

13. After Plaintiff handed over the ticket to an employee, the employee accused Plaintiff of stealing the ticket and despite asking for the ticket back, the employee never returned the ticket to Plaintiff.

14. Instead of returning the ticket, the casino employee proceeded to berate, threaten, and accuse Plaintiff of illegal contact, stating that he was going to "f*** [Plaintiff] up."[1]

15. Defendants' treatment of Plaintiff was consistent and in furtherance of Defendants' policies and procedures for the treatment, or mistreatment, of patrons at the Casino.

16. Defendants' treatment of Plaintiff, a business invitee trying to conduct business, was extreme, outrageous, and incomprehensible.

17. At all times material hereto, Defendants owed a duty to Plaintiff to keep the premises safe for all business invitees.

18. At all times material hereto, Defendants owed a duty to Plaintiff to honor the winning ticket.

19. At all times material hereto, Plaintiff acted in a reasonable and prudent manner merely trying to collect the money he was owed for the ticket.

---

[1] The term used by the security guard at Live! Casino & Hotel was redacted due to its obscene meaning.

20. At the time of the incident, Defendants breached the duty of care owed to Plaintiff and instead of maintaining a safe premises, subjected him to a tense, hostile, and threatening environment, and refused to return Plaintiff's property to him.

21. As a direct and proximate result of Defendants' tortious conduct, Plaintiff has suffered and will in the future continue to suffer fear, anger, shame, mental anguish, embarrassment and humiliation.

22. As a direct and proximate result of Defendants' tortious conduct, Plaintiff suffered serious personal injuries including, but not limited to mental anguish, humiliation, fear, embarassment, anger, shame, fright, and insomnia.

23. As a direct and proximate result of the Defendants' tortious conduct, Plaintiff has received medical treatments, including but not limited to, oral medications and therapy.

24. As a direct and proximate result of the Defendants' tortious conduct, Plaintiff has incurred bills for medical treatment and will or may incur bills for additional medical treatment in the future.

**COUNT I – ASSAULT**
**Plaintiff Hill v. All Defendants**

25. The preceding paragraphs are incorporated by reference as if fully set forth herein at length.

26. Defendants intended to, and did in fact, put Plaintiff in reasonable fear of a harmful or offensive contact with his body by threatening to "f*** him up".

27. Plaintiff left the premises in fear that Defendants were going to subject him to physical harm.

28. Defendants' treatment of Plaintiff was consistent and in furtherance of Defendants' policies and procedures for the treatment, or mistreatment, of patrons at the Casino.

29. Defendants' treatment of Plaintiff, a business invitee trying to conduct business, was extreme, outrageous, and incomprehensible.

**WHEREFORE**, Plaintiff Leonard K. Hill respectfully requests this Honorable Court enter judgement in his favor and against Defendants for compensatory and punitive damages.

## COUNT II – CONVERSION
### Plaintiff Hill v. All Defendants

30. The preceding paragraphs are incorporated by reference as if fully set forth herein at length.

31. Plaintiff had actual possession of the subject ticket at the time when he entered Live! Casino & Hotel to collect the winnings.

32. Plaintiff had an immediate right of possession to the winnings associated with the ticket.

33. Defendants took and kept the ticket from Plaintiff without any justification and refused to return it despite being asked repeatedly to do so.

34. Defendants' treatment of Plaintiff, a business invitee trying to conduct business, was extreme, outrageous, and incomprehensible.

**WHEREFORE**, Plaintiff Leonard K. Hill respectfully requests this Honorable Court enter judgement in his favor and against Defendants for compensatory and punitive damages in an amount in excess of $50,000.00, in addition to interests, costs, and delay damages pursuant to Pa. R. Civ. P. 238.

## COUNT III – UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW
### Plaintiff Hill v. Defendant Casino

35. The preceding paragraphs are incorporated by reference as if fully set forth herein at length.

36. The Unfair Trade Practices and Consumer Protection Law provides in relevant part that unfair or deceptive acts and practices shall include, "disparaging the business of another by false or misleading representations of fact"; and "any other fraudulent or deceptive

Case ID: 240500943

conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. Section 201-2 (viii), (xxi).

37. Unfair and deceptive acts, such as those set forth in the preceding section, are deemed unlawful by the UPTCPL. 73 P.S. Section 201-3.

38. Defendants accused Plaintiff of being a thief.

39. The foregoing accusation constitutes a false, misleading, and disparaging representation of fact was directly relevant to Plaintiff's business at the Casino.

40. Furthermore, Plaintiff purchased a goods or services from Defendants; he sustained an ascertainable loss of money or property; the loss occurred as a result of the use or employment by a vendor of a method, act or practice declared unlawful; and Mr. Hill unjustifiable relied on the business practice when deciding whether to buy the goods or services from Defendants.

41. Defendants fraudulently misrepresented to Plaintiff that they would pay bets owed on winning tickets, such as the ticket Plaintiff was attempting to cash on the day in question, which they clearly refused to do.

42. If Plaintiff knew that Defendants' would not honor the ticket, he would not have made the bet. This was a material fact that would have determined Plaintiff's choice of action.

43. Plaintiff relied on Defendants' misrepresentation, as they intended him to do, when he placed the bet.

44. Plaintiff would not have acted as he did if he knew that Defendants' would not honor the ticket in the event that the bet was won.

45. Defendants' misrepresentation was a factual cause of the harm Plaintiff suffered.

**WHEREFORE**, Plaintiff Leonard K. Hill respectfully requests this Honorable Court enter judgement in his favor and against Defendants Live! Casino & Hotel Philadelphia d/b/a Stadium Casino RE, LLC, Stephen Molloy, and John Does (1-99) in an amount in excess of $50,000.00, in addition to treble damages, punitive damages, interests, costs, and delay damages pursuant to Pa. R. Civ. P. 238.

## COUNT IV – SLANDER

### Plaintiff Hill v. All Defendants

46. The preceding paragraphs are incorporated by reference as if fully set forth herein at length.

47. The foregoing accusations of Plaintiff being a thief, and having obtained the ticket in question unlawfully, especially given the Plaintiff's profession as an attorney, of which he advised Defendants at the time of the incident, were defamatory.

48. These accusations were false, without basis, and intended to malign the Plaintiff's reputation, including his reputation as a practicing attorney in the Commonwealth of Pennsylvania.

49. The accusation that Plaintiff, who is a licensed attorney in the Commonwealth of Pennsylvania, is a thief and that he came into possession of the subject ticket unlawfully, is incompatible with his business, trade, and profession.

50. The foregoing accusations are slanderous per se against a practicing attorney.

51. Defendants made the foregoing defamatory statements to Plaintiff and others in the vicinity, who heard and reacted to the defamatory statement recognizing that Defendants were directing their accusations at Plaintiff.

52. Defendants purposefully made the aforementioned statements with the express purpose of defaming and slandering the Plaintiff.

Case ID: 240500943

**WHEREFORE**, Plaintiff Leonard K. Hill respectfully requests this Honorable Court enter judgement in his favor and against Defendants Live! Casino & Hotel Philadelphia d/b/a Stadium Casino RE, LLC, Stephen Molloy, and John Does (1-99) in an amount in excess of $50,000.00, in addition to treble damages, punitive damages, interests, costs, and delay damages pursuant to Pa. R. Civ. P. 238.

                                                 **HILL & ASSOCIATES, P.C.**

                                                 /s/ *Susan B. Ayres*
                                                 **Susan B. Ayres, Esquire**
Date: September 16, 2024                         Attorney for Plaintiff

**VERIFICATION**

The undersigned states that he/she is the plaintiff herein and verifies that the statements made in the foregoing <u>Complaint-Civil Action</u> is true and correct to the best of his/her knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

Signature X _[signature]_

Print Name _Leonard Hill_