ANDREW J. KRAMER, ESQ.                                 ATTORNEY FOR DEFENDANTS
ATTORNEY I.D. NO. 52613
**KANE PUGH KNOELL TROY & KRAMER, LLP**
4 SENTRY PARKWAY EAST, SUITE 100
BLUE BELL, PA 19422
PHONE    :     610-275-2000 x 1115
FAX         :     610-275-2018
EMAIL    :     akramer@kanepugh.com

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LEONARD K. HILL | : CIVIL ACTION |
| | : NO. 2:24-cv-05052-MMB |
| vs. | : |
| STADIUM CASINO RE, LLC, d/b/a LIVE! CASINO AND HOTEL PHILADELPHIA | : |
| and | : |
| STEPHEN MOLLOY | : |

---

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS OF DEFENDANTS STADIUM CASINO RE, LLC D/B/A LIVE! CASINO AND HOTEL PHILADELPHIA AND STEPHEN MOLLOY**

**I.**     **MATTER BEFORE THE COURT**

The Motion to Dismiss of Defendants Stadium Casino RE, LLC d/b/a Live! Casino and Hotel Philadelphia and Stephen Molloy.

**II.**    **STATEMENT OF QUESTIONS INVOLVED**

Whether this Honorable Court should dismiss Count III of plaintiff's Complaint with prejudice based on plaintiff's failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6)?

      **SUGGESTED ANSWER: YES**

### III. STATEMENT OF FACTS

This matter was initiated by the filing of a Writ of Summons in the Philadelphia Court of Common Pleas on May 7, 2024. A Complaint was thereafter filed on September 17, 2024. *See* Plaintiff's Complaint attached hereto as Exhibit "A." In his Complaint, plaintiff alleges that he went to the FanDuel Sports Book at Live! Casino on May 7, 2024 to collect his proceeds from a winning ticket. *Id*. at ¶ 12. Plaintiff further claims that "[a]fter Plaintiff handed over the ticket to an employee, the employee accused Plaintiff of stealing the ticket and despite asking for the ticket back, the employee never returned the ticket to Plaintiff. Instead of returning the ticket, the casino employee proceeded to berate, threaten, and accuse Plaintiff of illegal contact, stating that he was going to 'f*** [Plaintiff] up.'" *Id*. at ¶¶ 13-14. Plaintiff alleges claims of assault, conversion, and slander against all defendants, as well as a violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law against Stadium Casino RE, LLC.

### IV. LEGAL ARGUMENT

#### A. STANDARD OF REVIEW

Rule 12 of the Federal Rules of Civil Procedure provides for the pleading of defenses and objections. More specifically, Rule 12(b)(6) states that

> [e]very defense, in law or fact to a claim for relief in any pleading, whether a claim, counter claim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by Motion: …(6) failure to state a claim upon which relief can be granted … a Motion making any of these defense shall be made before pleading if a further pleading is permitted.

F.R.C.P. 12(b)(6).

A motion to dismiss tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In considering a Rule 12(b)(6) motion, the Court is confined to the

allegations in the complaint, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007), but must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008), *quoting Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n. 7 (3d Cir. 2002). *See also Twombly*, 550 U.S. 544.

**B.     COUNT II OF PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

"Assault is an intentional attempt by force to do an injury to the person of another, and a battery is committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person." *Renk v. City of Pittsburgh*, 641 A.2d 289 (Pa. 1994) *citing Cohen v. Lit Brothers*, 70 A.2d 419, 421 (Pa. 1950) (citation omitted.) Nowhere in his Complaint does plaintiff allege that anyone attempted by force to injure him. Instead, plaintiff alleges only a verbal interaction between the parties. Clearly, this does not constitute the tort of assault. Therefore, Count I of plaintiff's Complaint must be dismissed.

**C.     COUNT III OF PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

Count III of plaintiff's Complaint alleges violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. C.S. § 201-2(viii), (xxi). *See* Exhibit A at ¶ 36. This section provides, in relevant part:

> "Unfair methods of competition" and "unfair or deceptive acts or practices" mean any one or more of the following:
>
> …
>
> (viii) Disparaging the goods, services or business of another by false or misleading representation of fact;

…

   (xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

73 Pa. C.S. § 201-2.  Plaintiff, however, has failed to state a claim upon which relief may be granted regarding either provision.

  Plaintiff claims that defendant Molloy's alleged statement accusing plaintiff of stealing the ticket constitutes "disparaging the business of another by false or misleading representations of fact"; and "any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding."  This, however, is a gross misreading of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.  Whether plaintiff identified himself as an attorney to defendant Molloy, for whatever reason, his presence at the casino was solely as a patron seeking to cash a bet. There is absolutely no rational relationship between plaintiff's casino patronage and his employment as an attorney.  Undoubtedly, even if defendant Molloy disparaged plaintiff in his personal capacity, this does not equate to disparaging plaintiff in his business capacity, even if defendant Molloy was aware that plaintiff was an attorney. Accusing an attorney of stealing a gambling ticket is not the same thing as accusing them of stealing from a client.

  Furthermore, the alleged statements attributed to defendant Molloy are in no way deceptive, even if they are false. A disparaging statement and a deceptive statement are not the same thing. Deception entails some type of trickery, meant to cause another to act in a certain way.

  Plaintiff attempts to shoehorn his allegations into a clam under the Pennsylvania Unfair Trade Practices and Consumer Protection Law undoubtedly in an attempt to avail himself to the acts treble and punitive damages. The purpose of the act, however, is to address unfair and

deceptive behavior, not to address all conduct that a customer finds objectionable. Therefore, Count III of plaintiff's Complaint must be dismissed.

## V.  CONCLUSION

**WHEREFORE**, defendants Stadium Casino RE, LLC d/b/a Live! Casino and Hotel Philadelphia and Stephen Molloy respectfully request that this Honorable Court enter the attached Order.

                            **KANE PUGH KNOELL TROY & KRAMER, LLP**

        BY: _____
                              ANDREW J. KRAMER, ESQ.
                                 Attorney for Defendants