IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| **LEONARD HILL** <br><br> v. <br><br> **STADIUM CASINO RE LLC** dba Live! Casino and Hotel Philadelphia **AND STEPHEN MALLOY** | **CIVIL ACTION** <br><br> **NO. 24-5052** |
|---|---|

**MEMORANDUM RE: REMAND**

Baylson, J.                                                                                                          October 25, 2024

Plaintiff has moved to remand this matter to state court. Defendants oppose. Plaintiff's motion is **DENIED**, and the claims against Defendant Malloy are dismissed without prejudice.

I. **FACTUAL AND PROCEDURAL HISTORY**

On September 16, 2024, Plaintiff filed a Complaint in state court against Stadium Casino, Stephen Malloy (Casino manager/supervisor)[1], and "John Does." ECF 8-4. Plaintiff alleges that on May 7, 2024, he attempted to collect proceeds from a winning ticket at FanDuel Sports Book, located in Stadium Casino. ECF 8-4 at ¶12. Plaintiff alleges that while at Stadium Casino, "John Doe" employees accused him of stealing the ticket, refused to return the ticket, and threatened him. ECF 8-4 at ¶ 13-15.

Plaintiff alleges that Defendant Stadium Casino is "responsible by deed, contract, lease or other agreement for the harm sustained by Plaintiff in this incident due to its actions and inactions or that of their agents, servants, workmen and/or employees." ECF 8-4 at ¶ 8. Plaintiff

---

[1] Defendant Stephen Malloy is referenced as both "Malloy" and "Molloy" throughout the various filings. All references to Defendant Malloy by the Court are made in relation to Defendant "Malloy" and "Molloy" as discussed in the parties' filings.

1

likewise alleges that Defendant Malloy "was the manager, supervisor, or otherwise responsible for the oversight of the Casino and its employees and/or independent contractors . . . and as such was responsible for the harm sustained by Plaintiff in this incident due to his actions and inactions, as well as those of the Casino's agents, servants, workmen and/or employees over whom he had control." ECF 8-4 at ¶ 9. Lastly, Plaintiff alleges that the "John Doe" employees are "responsible for safety of patrons, oversight of personnel working at the casino, and customer service on the date of the incident" and engaged in the harmful conduct at issue. ECF 8-4 at ¶ 4, 13, 14.

Plaintiff brings claims for assault (Count I), conversion (Count II), and slander (Count IV) against all defendants. Plaintiff also brings a claim for unfair trade practices and consumer protection law (Count III) against Defendant Stadium Casino. ECF 8-4.

On September 23, 2024, Defendants removed to federal court citing diversity jurisdiction. ECF 1. It is undisputed that Plaintiff and Defendant Malloy are residents of Pennsylvania, and that Defendant Stadium Casino is a resident of Maryland and Texas.

On October 2, 2024, Plaintiff filed a Motion to Remand (ECF 8) on the grounds that there was no diversity of citizenship among the parties. On October 3, 2024, Defendants filed a Response in Opposition (ECF 9) and on October 9, 2024, Plaintiff filed a Reply in Support (ECF 12).

2

II.  **PARTIES' CONTENTIONS**

    A. **Plaintiff's Motion for Remand**

Plaintiff argues that there is no diversity of citizenship among the parties because (1) Plaintiff and Defendant Malloy are both residents of Pennsylvania, and (2) a proper snap removal did not occur.  ECF 8.

First, it is undisputed that Plaintiff and Defendant Malloy are both Pennsylvania residents.

Second, Plaintiff claims that a proper snap removal did not occur because Defendant Malloy waived service.  ECF 8 at 19, 22.  Plaintiff concedes that at the time of removal, Defendant Malloy had yet to be served, but argues that Defendant Malloy has evaded service. ECF 8 at 22.  Plaintiff next argues that Defendant Malloy waived service because defense counsel has entered his appearance for Defendant Malloy and participated in the merits of the case on Defendant Malloy's behalf.  ECF 8 at 19, 22.

    B. **Defendants' Response in Opposition to Motion to Remand**

Defendants argue that this case was properly removed to federal court because (1) a snap removal occurred, and (2) Defendant Malloy was improperly joined.  ECF 9-2.

First, Defendants argue that a snap removal occurred because the case was removed before Defendant Malloy was properly served.  ECF 9-2 at 3.  Defendants rely on <u>Encompass Ins. Co. v. Stone Mansion Rest. Inc.</u>, 902 F.3d 147, 152 (3d Cir. 2018) for the proposition that "the forum defendant rule unambiguously requires that an in-state defendant be 'properly joined and served' to preclude removal."  ECF 9-2 at 3.

Second, Defendants argue that Defendant Malloy was improperly joined because he was acting within the scope of his employment and thus Defendant Stadium Casino is liable for any actions he took under a theory of respondeat superior. ECF 9-2 at 6.

### C.  Plaintiff's Reply in Support of Motion to Remand

Plaintiff, also relying on Encompass, argues that snap removal is inappropriate where there is not total diversity of the parties. ECF 12. Plaintiff argues that since Plaintiff and Defendant Malloy are both Pennsylvania residents a proper snap removal did not occur. ECF 12.

### III.   LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action filed in state court may be properly removed if the federal court would have had original jurisdiction over the action. District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive interests and costs, and is between [ ] citizens of different states." Id. § 1332(a)(1).

"The defendants bear the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements." Winnick v. Pratt, WL 21204467, at *2 (E.D. Pa. May 20, 2003) (Schiller) (citing Boyer v. Snap–On Tools Corp., 913 F.2d 108, 111 (3d Cir.1990)). The removal statute is strictly construed and all doubts are to be resolved in favor of remand. Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013).

### IV.   DISCUSSION

Before the Court are two issues: (1) did a snap removal occur, and (2) is Defendant Malloy a proper party to this action.

4

1. **Snap Removal**

Third Circuit case law makes clear that a snap removal can only occur when there is complete diversity of the parties. That is, a forum defendant can remove to federal court when there is complete diversity among the parties, before they have been properly served. See Dillard v. TD Bank, WL 1085461 at *2 (D.N.J. Mar. 22, 2021) ("The Court agrees with Plaintiff that Encompass does not support this proposition because it addressed snap removal in the context of completely diverse parties, and therefore did not speak to the propriety of snap removal before a diversity-defeating defendant is served."); Hampton v. Speedway, LLC, WL 1339953 at *2 (E.D. Pa. 2021) (Brody) ("Speedway improperly asks this Court to disregard Myrick to determine there is diversity. This case includes a plaintiff and a defendant that are citizens of Pennsylvania and no federal question is involved. Section 1332(a) requires complete diversity among all parties and this case does not have complete diversity. Therefore, this case does not fall within this Court's original jurisdiction.").

Plaintiff is correct that a proper snap removal did not occur in this case. Encompass discussed snap removal in the context of forum-defendants. 902 F.3d at 153. And, subsequent cases have made clear that where the parties themselves are not diverse a snap removal cannot occur. Defendant Malloy's presence in this case defeats diversity, not because he is a forum defendant but because he and Plaintiff are both Pennsylvania residents. Thus, Defendants removal on the grounds that Defendant Malloy had not yet been served was not a proper snap removal. Defendants removal on this basis was improper.

2. **Defendant Malloy**

"Under Pennsylvania law, a corporate employee may be liable for his own torts, even if he was acting within the scope of his employment when he engaged in the tortious conduct in

5

question, and regardless of whether the employer may also be liable for the employee's conduct." Aldorasi v. Crossroads Hospitality and Mgmt. Co., LLC, 344 F.Supp.3d 814, 822 (E.D. Pa. 2018) (Sanchez) (citing Cosmas v. Bloomingdales Bros., Inc., 660 A.2d 83, 88-89 (Pa. Super. Ct. 1995)).  Whether an employee is acting within the scope of their employment is relevant to determine if their employer is vicariously or secondarily liable under the doctrine of respondeat superior but does not relieve the employee of their individual liability.  Cosmas, 660 A.2d at 88-89 (citing Wicks v. Milzoco Builders, Inc., 470 A.2d 86, 89 n.5 (Pa. 1983)).

To sustain a claim against an employee who was acting within the scope of his employment, "a plaintiff must be able to establish the employee's culpability under the 'participation theory' of individual liability."  Ahearn v. BJ's Wholesale Club, Inc., WL1308216 at *2 (E.D. Pa. Mar. 18, 2020) (Goldberg).  Tort liability attaches only when the employee participates in, cooperates in, or specifically directs the wrongful act be done.  Id.  That is, an employee is "personally liable for his own misfeasance, i.e., the 'improper performance of an act,' but not for mere 'nonfeasance,' i.e., 'the omission of an act which a person ought to do.'" Jackson v. Burlington Coat Factory, WL 3534983 at *3 (E.D. Pa. Aug. 17, 2017) (Quinones Alejandro) (quoting Brindley v. Woodland Vill. Rest., Inc., 652 A.2d 865, 868 (Pa. Super. Ct. 1995)).

Nowhere in the Complaint does Plaintiff allege that Defendant Malloy was the Stadium Casino employee that announced that the ticket was stolen, refused to return the ticket, or threatened Plaintiff.  Nor does the Complaint allege that Defendant Malloy participated in, cooperated in, or specifically directed the John Doe employees to take those actions.  Rather, the

6

Complaint alleges that Defendant Malloy is vicariously liable.[2]  Defendant Malloy is improperly named as a party because the Complaint does not allege that he personally committed any torts and he cannot be liable for nonfeasance or poor supervision.

As Defendant Malloy is not a proper party to this action, complete diversity exists between the parties.[3]  Plaintiff is a Pennsylvania resident and Defendant Stadium Casino is a Maryland and Texas resident.  Additionally, the amount in controversy exceeds $75,000.  Thus, the Court has original jurisdiction under 28 U.S.C. § 1332.

### V.   CONCLUSION

For the foregoing reasons the claims against Defendant Malloy are dismissed without prejudice and Plaintiff's Motion to Remand is **DENIED**.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 24\24-5052 Hill v. Stadium Casino\24-5052 Remand Memo Opinion.docx

---

[2] See Complaint (ECF 8-4 at ¶ 9) ("Defendant Malloy was the manager, supervisor, or otherwise responsible for oversight of the Casino and its employees and/or independent contractors . . . and as such was responsible for the harm sustained by Plaintiff in this incident due to his actions and inactions, as well as those of the Casino's agents, servants, workmen and/or employees over whom he had control."); Complaint (ECF 8-4 at ¶ 10) ("Defendants acted and/or failed to act by and through their employees, agents, servants, and/or representatives, who were acting within the course and scope of their employment and on behalf of Defendants.").

[3] At this time, the citizenship of the "John Doe" employees is unknown.