IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Hill,** <br> Plaintiff, <br><br> **v.** <br><br> **Stadium Casino Re LLC et al.,** <br> Defendant. | **CIVIL ACTION** <br><br> **NO. 24-5052** |

## MEMORANDUM RE: PARTIAL MOTION TO DISMISS

**Baylson, J.**                                                                                           **November 18, 2024**

Plaintiff Leonard K. Hill alleges that Defendants Stadium Casino, Stephen Malloy, and "John Does" are liable for assault, conversion, and slander and that Defendant Stadium Casino violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL) when Defendants threatened Plaintiff and refused to pay out the proceeds of Plaintiff's winning sports bet.

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's assault (Count I) and UTPCPL (Count III) claims.[1]  For the reasons stated below, Defendant's Motion is GRANTED in part and DENIED in part.

## I.    FACTUAL AND PROCEDURAL HISTORY

On September 16, 2024, Plaintiff filed a Complaint in state court against Stadium Casino, Stephen Malloy (casino manager/supervisor), and "John Does." Compl., ECF 8-4.  Plaintiff alleges that on May 7, 2024, he attempted to collect proceeds from a sports bet at FanDuel Sports Book, located in Stadium Casino.  Id. ¶12.  Plaintiff alleges that while at Stadium Casino, "John

---

[1] The Court notes that at various times Defendants' Motion to Dismiss moves to dismiss Counts I, II, and III.  In reviewing the substance of the Motion, the Court determines that Defendants move to dismiss both Counts I and III.

1

Doe" employees accused him of stealing the ticket, refused to return the ticket, and threatened to "f*** [him] up." Id. ¶ 13-15.

On September 23, 2024, Defendants removed to federal court citing diversity jurisdiction. Notice of Removal, ECF 1. On October 2, 2024, Plaintiff filed a Motion to Remand (ECF 8) on the grounds that there was no diversity of citizenship among the parties. On October 3, 2024, Defendants filed a Response in Opposition (ECF 9) and on October 9, 2024, Plaintiff filed a Reply in Support (ECF 12).

On October 25, 2024, the Court denied Plaintiff's Motion to Remand and dismissed individual defendant, Stephen Malloy, from this action. Remand Opin., ECF 14. The Court concluded that Defendant Malloy was an improper party. Id. at 6. Under Pennsylvania law, employees are only liable for torts that they participate in, cooperate in, or specifically direct to be done. Id. Nowhere did Plaintiff allege that Defendant Malloy was the Stadium Casino employee that announced that the ticket was stolen, refused to return the ticket, or threatened Plaintiff. [2] Id. The Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because the remaining parties are completely diverse and the amount in controversy exceeds $75,000.

Remaining are Plaintiff's claims against Defendants Stadium Casino and "John Does" for assault (Count I), conversion (Count II), and slander (Count IV) and against Defendant Stadium Casino for violations of the UTPCPL (Count III). Compl.

On October 7, 2024, Defendants moved to dismiss Plaintiff's assault (Count I) and UTPCPL (Count III) claims. MTD, ECF 10-2. On October 9, 2024, Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss. Pl. Resp., ECF 13-1.

---

[2] The Court notes that in its Motion to Dismiss, Defendants state that Defendant Malloy was the Stadium Casino employee that threatened Plaintiff. However, this is inconsistent with Plaintiff's filings.

II.  **PARTIES' CONTENTIONS**

A.  **Assault (Count I)**

Plaintiff alleges that he was assaulted when a casino employee threatened to "f*** [him] up."  Compl. ¶ 26.

Defendants move to dismiss Plaintiff's assault claim on the basis that a verbal interaction alone cannot rise to the level of assault.  MTD at 3.

In response, Plaintiff argues that Defendants threat placed him in "immediate[] . . . fear, frightening him" and thus rose to the level of assault.  Pl. Resp. at 5.

B.  **Unfair Trade Practices Consumer Protection Law (Count III)**

Plaintiff alleges that Defendants violated the UTPCPL by engaging in unfair and deceptive acts, specifically by "disparaging the business of another by false or misleading representations of fact" and "other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding."  Compl. ¶ 36 (citing 73 Pa. Stat. Ann. §§ 201-2(4)(viii), (xxi)).

Defendants first argue that Plaintiff fails to state a claim under section viii because Plaintiff visited the casino as a patron, and not an attorney, and "[a]ccusing an attorney of stealing a gambling ticket is not the same thing as accusing them of stealing from a client."  MTD at 4.  Next, Defendants argue that Plaintiff fails to state a claim under section xxi because the casino employee's statement that the ticket was fake was not deceptive.  Id.

Plaintiff does not address whether the Complaint adequately stated a claim under section viii.  As to his claim under section xxi, Plaintiff argues that the Complaint "specifically alleges" deceptive, unfair, and misleading practices in that Defendants "said they would pay on bets and they did not[;]" "refused to pay on bets that were made and that were winning bets[;] and

3

"refuse[d] to acknowledge the debt owed by them, and they stole the ticket that was the property of the Plaintiff." Pl. Resp. at 7-8.

### III. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002)). To survive the motion, a plaintiff must "plead 'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). At the same time, the Third Circuit favors substance over form—"a plaintiff is not required to establish the elements of a prima facie case but instead, need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." Fowler, 578 F.3d at 213 (internal citations and quotations omitted).

### IV. DISCUSSION

#### A. Assault (Count I)

At issue is whether the verbal threat of a Stadium Casino employee to "f*** [Plaintiff] up" rises to the level of assault.

In Pennsylvania, "an assault may be described as *an act* intended to put another person in reasonable apprehension of an immediate battery, and which succeeds in causing an apprehension of such battery." Cucinotti v. Ortmann, 159 A.2d 216, 217 (Pa. 1960). That is, a

4

"[p]laintiff must show that a particular defendant intentionally caused an imminent apprehension of a harmful or offensive bodily contact" in the plaintiff. Latkis v. York, 258 F.Supp.2d 401, 407 (E.D. Pa. 2003) (Baylson) (internal citations omitted).

"Words in themselves, no matter how threatening, do not constitute an assault; the actor must be in a position to carry out the threat immediately, and he must take some affirmative action to do so." Cucinotti, 159 A.2d at 217. In other words, "[t]hreatening words alone are deemed insufficient in this jurisdiction to put a person in reasonable apprehension of physical injury or offensive touching." Id. at 218.

The question is thus whether the employee's threat put Plaintiff in a reasonable and imminent apprehension of harmful or offensive bodily contact.

In Dice v. Johnson, the Court held that conditional threats could not reasonably place an individual in imminent apprehension of an immediate battery. 711 F.Supp.2d 340, 364 (M.D. Pa. 2010). That is, a defendant must have a "present purpose to do harm." Id. (quoting Gen. Mach. Corp. v. Feldman, 507 A.2d 831, 833-34 (Pa. 1986)). Similarly, in New Century Bank v. 1265 Industrial Boulevard, LLC, the Court held that defendant's threat to burn down plaintiff's home, delivered via a telephone call, did not rise to the level of an imminent threat because there was no evidence that defendant took affirmative action to carry out the threat after the telephone call ended. WL 5819326 at *6 (Pa. Super. Ct 2016). In contrast, in Com v. Butcher, the Court held that plaintiff, a young women, alone in a parking lot at night, reasonably interpreted as a threat defendant's statement, "[d]on't make me get physical[,]" made as he forcibly grabbed her arm. 644 A.2d 174, 176 (Pa. Super. Ct. 1994).

The facts of this case are nowhere near as extreme as those in Com yet describe a situation more likely to place a reasonable individual in imminent apprehension of a battery than

5

the facts of <u>Dice</u> or <u>New Century</u>. Unlike in <u>Dice</u> and <u>New Century</u>, Defendants' threat was not conditional. The threat did not hinge on Plaintiff taking some action at a later date or occur from the other end of a telephone. Rather, Plaintiff alleges that the Stadium Casino employee "proceeded to berate, threaten, and accuse Plaintiff of illegal contact, stating that he was going to "f*** [Plaintiff] up." Compl. ¶ 14. Additionally, the altercation occurred inside a casino and moments after Defendants accused Plaintiff of trying to cash-in a fake sports bet and refused to return Plaintiff's ticket. <u>Id</u>. ¶ 13. If Defendants followed through on the threat, they would have been able to do so immediately. Whether Plaintiff's apprehension of such contact was reasonable and whether Defendants had a "present purpose to do harm" or took affirmative action to carry out the threat, is a fact sensitive inquiry that requires discovery.

### B. Unfair Trade Practice Consumer Protection Law (Count III)

"To bring a private cause of action under the UTPCPL, a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance." <u>Yocca v. Pittsburgh Steelers Sports, Inc.</u>, 854 A.2d 425, 438 (Pa. 2004). To survive a motion to dismiss, the plaintiff's "complaint must establish that, had the plaintiff known of the deceptive conduct, he would have acted differently." <u>Hunt v. U.S. Tobacco Co.</u>, 538 F.3d 217, 224 (3d Cir. 2008). The UTPCPL "is to be liberally construed to effectuate its objective of protecting the consumers of [Pennsylvania] from fraud and unfair or deceptive business practices." <u>Ash v. Cont'l Ins. Co.</u>, 932 A.2d 877, 881 (Pa. 2007). At the same time, whether a complaint states a plausible claim for relief is a context-specific task that "requires the reviewing court to draw on its judicial experience and common sense." <u>Ashcroft</u>, 556 U.S. at 679. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id</u>. at 678.

Plaintiff does not plead sufficient factual matter to show that the claim is facially plausible. To plead a claim under the UTPCPL, Plaintiff must plausibly state that: (1) he purchased or leased goods or services, (2) he suffered an ascertainable loss of money, (3) and the loss of money resulted from conduct deemed unlawful under the UTPCPL. 73 Pa. Stat. Ann. §§ 201-9.2. Plaintiff alleges that defendant engaged in unlawful conduct in violation of the UTPCPL sections viii and xxi. Section viii makes conduct "[d]isparaging the goods, services or business of another by false or misleading representation of fact" unlawful. 73 Pa. Stat. Ann. §§ 201-2(4)(viii). Section xxi, the statute's catch-all provision, makes "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding" unlawful. 73 Pa. Stat. Ann. §§ 201-2(4)(xxi). At the very least, Plaintiff has failed to plead facts in support of elements one and three.

First, Plaintiff has not addressed whether placing or collecting on a sports bet qualifies as the purchase of a good or service. Rather, Plaintiff offers a threadbare recital of the elements of the UTPCLP, supported by mere conclusory statements. Plaintiff alleges only that he "purchased a good[] or service[] from Defendants." Compl. ¶ 40. Notably, in Yocca, the Court did not reach the issue of whether stadium builder licenses, a license that granted season ticket holders the right to buy annual tickets, was a good or service under the UTPCPL. 854 A.2d 425 (Pa. 2004). Like the stadium builder licenses, a sports bet does not immediately or necessarily confer a good or service on the individual that purchased the license or placed the bet. The purchase or lease of a good or service is a requisite element to sustain a claim under the UTPCPL, Plaintiff's conclusory statement that sports bets qualify as a good or service is not sufficient.

7

Second, Plaintiff has not established that Defendants' alleged conduct, stating that the ticket was stolen, refusing to return the ticket, and refusing to pay out winnings on the ticket, was unlawful.

As to section xxi, Plaintiff has proffered no factual support to raise an inference that Defendants conduct was fraudulent or deceptive.

Following the legislature's 1996 amendment to the UTPCPL's catch-all provision, deceptive as well as fraudulent conduct is sufficient to state a claim. In Gregg v. Ameriprise Financial, Inc., the Pennsylvania Supreme Court ended nearly two decades of judicial confusion when it held that under the amended catch-all provision defendants are strictly liable for any deceptive conduct which creates a likelihood of confusion or misunderstanding. 245 A.3d 637, 650 (Pa. 2021). Plaintiffs must no longer prove the elements of common law fraud or plead intent to establish a claim under section xxi. Thus, to establish a claim for deceptive conduct under the catchall provision, plaintiffs must show: "(1) a deceptive act that is likely to deceive a consumer acting reasonably under similar circumstances; (2) justifiable reliance on that act; and (3) that plaintiff's justifiable reliance caused an ascertainable loss." Shea v. USAA, WL 3575261 at * 11 (E.D. Pa. July 25, 2018) (Surrick).

Plaintiff only makes conclusory allegations, unsupported by any facts. To start, Plaintiff alleges that Defendant told him that the ticket was stolen. Compl. ¶ 13. Plaintiff pleads no other facts to explain why Defendants refused to pay out the ticket. Plaintiff next alleges that Defendants "misrepresented to [him] that they would pay bets owed on a winning ticket." Id. ¶ 41. But Plaintiff does not offer any facts to support this representation by Defendants. Plaintiff next alleges that if he "if knew that Defendants' would not honor the ticket, he would not have made the bet" and that he "relied on Defendants' misrepresentation, as they intended him to do,

when he placed the bet." Id. ¶¶ 42, 43. Yet again, Plaintiff does not plead any facts in support of these allegations, instead just reciting the statutory requirements to state a claim under the UTPCPL. Plaintiff has failed to plead any facts indicating that Defendants acted deceptively. As "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[,]" Plaintiff has failed to plead sufficient factual matter to establish a claim under section xii of the UTPCPL.

As to section viii, Plaintiff has proffered no factual support to raise an inference that Defendants engaged in conduct "disparaging the business of another by false or misleading representations of fact." Nowhere in Plaintiff's UTPCPL claim does he allege that Defendants made disparaging statements about his business. Drawing all reasonable inferences in Plaintiff's favor, in his slander claim, he alleges that Defendants knew that he was an attorney and that the accusation that the ticket was stolen was thus especially defamatory. Compl. ¶ 47. However, to establish a claim under the UTPCPL, Plaintiff must prove both that Defendants made disparaging comments about his business and that Plaintiff's justifiable reliance on those comments resulted in an ascertainable loss of money. Even if this Court construes Defendants statement that the ticket was stolen as a disparaging comment about Plaintiff's business as a lawyer, Plaintiff never alleges that in reliance on that comment he or his business lost money. The only loss of money that Plaintiff alleges is the supposed winnings that were not paid out on the ticket. Id. ¶ 40. Nowhere does he allege that he relied on Defendants' disparaging comment or that he or he or his business lost money as a result. As such, Plaintiff's UTPCPL section viii claim fails.

9

V. **CONCLUSION**

For the reasons stated above Defendant's Motion to Dismiss is GRANTED in part and DENIED in part. Defendant's Motion is DENIED as to Count I and granted as to Count III. Plaintiff's UTPCPL claim (Count III) is dismissed without prejudice and with leave to amend within fourteen days.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 24\24-5052 Hill v. Stadium Casino\24-5052 MTD Memorandum Opinion.docx